UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA TAMMY GABALDON,<br><br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL,<br><br>Respondent. | No. 2:18-cv-1853-MCE-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel on an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, has applied for leave to proceed in forma pauperis. ECF No. 6. Her application is granted. However, the court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that it must be summarily dismissed.

In the present action, petitioner challenges her conviction for murder with a special finding that she intentionally and personally discharged a firearm causing death, entered in the Sacramento County Superior Court. ECF No. 1 at 1, 4. Petitioner previously challenged this conviction in *Gabaldon v. California*, No. 2:16-cv-2218-MCE-EFB (E.D. Cal.). After the court issued findings and recommendations in the first action, recommending that her petition be denied, petitioner commenced this action in the United States District Court for the Central District of California. ECF No. 1 (commenced on June 11, 2018). However, it was not until after

the findings and recommendation were adopted and judgment was entered in the first action – June 19, 2018 – that the instant case was transferred to this court from the Central District. *See* ECF No. 3 (Order transferring action, filed June 28, 2018).

The instant petition is not technically second or successive because it was filed before the original petition was adjudicated on the merits.[1] The U.S. Court of Appeals for the Ninth Circuit has instructed that when a pro se petitioner files a second habeas petition while the first petition remains pending, the district court should construe the new petition as a motion to amend the first petition. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). The reason for this rule is that in general, "[a] petitioner who seeks to assert new claims before his first petition has been finally adjudicated is not, by any stretch, abusing the writ [but i]s instead attempting, as the abuse-of-the-writ doctrine requires, to litigate all available claims in a single proceeding." *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016). This rationale is seemingly inapplicable here, as petitioner originally filed the instant petition in an entirely different district court and only did so after this court had issued its recommendation to deny her original petition for habeas relief. Nevertheless, even construed as a motion to amend, the motion would fail for the reasons discussed below.

Two of the claims raised in the instant petition duplicate those raised in the earlier filed petition, namely, that the prosecutor engaged in misconduct by questioning petitioner about her prior felony convictions and that petitioner received ineffective assistance of counsel in the way her counsel dealt with evidence of her prior felony convictions. *See generally* ECF No. 1 at 1-7. The court has already ruled on those claims and determined that they lack merit. *See Gabaldon v. California*, No. 2:16-cv-2218-MCE-EFB (E.D. Cal.), ECF No. 16 (magistrate judge's April 24, 2018 findings and recommendations to deny petitioner's application for a writ of habeas corpus on the merits); ECF No. 17 (district judge's June 19, 2018 order adopting findings and recommendations and denying petitioner's application for a writ of habeas corpus). The claims must be rejected here for the same reasons stated by the court when it rejected them earlier.

---

[1] A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

The two remaining "claims" in the instant petition do not actually assert independent grounds for relief. The first is not a claim at all but a restatement of general principles of habeas law. *See* ECF No. 1 at 8 (reciting language from *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). The second, though not entirely clear, reads as an extension of petitioner's claims regarding the evidence of her prior felony convictions. *See* ECF No. 1 at 11 ("I was judged by my background in prison . . . I did not have a fair review or decision base[d] on the real facts and evidence that was a factor in my case.").

Thus, even construing the instant petition as a motion to amend the original petition, leave to amend must be denied as futile.

Accordingly, IT IS HEREBY ORDERED that petitioner's application for leave to proceed in forma pauperis (ECF No. 6) is granted.

Further, IT IS HEREBY RECOMMENDED that this case be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE